PETTIGREW, J.
|2In this case, the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information (“State”), appeals from the trial court’s judgment ordering that the defendant, Timothy E. Billiot, be released from any further sex offender registration requirements, as provided in La. R.S. 15:544(D)(1). For the reasons set forth below, we reverse the trial court’s judgment and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On August 20, 2001, Mr. Billiot entered a plea of nolo contendere to molestation of a juvenile (La. R.S. 14:81.2). Following a motion for modification of sentence, Mr. Billiot was sentenced to eight (8) years, with all but thirty (30) months suspended, with credit for time served. Once Mr. Billiot was released from incarceration, he was to be placed on supervised probation for five (5) years, with special conditions.
On April 29, 2011, Mr. Billiot filed a “Petition for Reduction of Time Period for Sex Offender Registration.” In said petition, Mr. Billiot alleged that he had satisfactorily completed his probationary period on or about June 21, 2008, and that he had not been convicted of any other offense since the date of his conviction in the original matter. He further asserted that he was not required by the trial court to submit to the sex offender registration requirements at the time of his sentencing, thus La. R.S. 15:544 did not apply to him.
Following a hearing on September 6, 2011, at which time there was no objection by the assistant district attorney, the trial court rendered judgment in favor of Mr. Billiot, relieving him of the duty to register as a sex offender. The trial court, essentially found that although the amendments *115 to La. R.S. 15:544 subsequent to Mr. Billi-ot’s conviction are to be applied retroactively, they only applied to persons who were previously required to register. The trial court went on to say at the time Mr. Billiot entered his guilty plea, molestation of a juvenile was not an offense that required registration, and therefore, he had satisfied, from a registration standpoint, any and all requirements of La. R.S. 15:544. Is A judgment in accordance with the trial court’s findings was signed on September 15, 2011. It is from this judgment that the State[1] has appealed, assigning error to the trial court’s judgment. The sole issue presented for our review in this appeal is whether La. R.S. 15:544(D)(1) allows a sex offender who is required to register for twenty-five (25) years to be relieved of his registration and notification requirements.
LAW AND ANALYSIS

Mr. Billiot’s Obligation to Register as a Sex Offender

The State argues on appeal that, contrary to the trial court’s assertion, a violation of La. R.S. 14:81.2 (molestation of a juvenile) “has constituted a ‘sex offense’ that requires registration and notification from the inception of Louisiana’s sex offender registration and notification laws.” We agree.
Louisiana’s sex offender registration and notification provisions (commonly referred to as “Megan’s Law”)[2] were originally enacted in 1992 and are found in La. R.S. 15:540, et seq. See 1992 La. Acts, No. 388, § 1. At that time, La. R.S. 15:542(A) provided “[a]ny adult residing in this state who has pled guilty or has been convicted of any sex offense shall register with the sheriff of the parish of the person’s residence.” Moreover, “sex offense” for the purpose of registration and notification was defined in La. R.S. 15:542(E) as “a violation of any provision of Subpart C of Part II, Subpart B of Part IV, or Subpart A(l) or A(4) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.” At that time, La. R.S. 14:81.2 (molestation of a juvenile) constituted a “sex offense” as defined by La. R.S. 15:542(E) as it was included in hSubpart A(l) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.
Moreover, when Mr. Billiot was convicted on August 20, 2001, La. R.S. 15:542(A) provided that “[a]ny adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpe *116 tration or attempted perpetration of any sex offense ... shall register with the sheriff of the parish of the person’s residence.” At the time of Mr. Billiot’s conviction, “sex offense” for the purposes of registration and notification included a conviction for a violation of La. R.S. 14:81.2 (molestation of a juvenile). With regard to the duty to register at the time of Mr. Billiot’s conviction, Mr. Billiot was required to register and give notice until ten years after release from incarceration. See La. R.S. 15:544(A)[3] (prior to amendment by 2007 La. Acts, No. 460, § 2).
According to the record, Mr. Billiot was incarcerated for his conviction for molestation of a juvenile, and once released, was placed on five (5) years supervised probation. Mr. Billiot executed a form entitled “Conditions of Probation” on June 30, 2003, indicating that he was to begin paying supervision fees on August 1, 2003. Moreover, in the petition at issue in the instant case, Mr. Billiot notes that he satisfactorily completed his probationary period on or about June 21, 2008. Thus, it would appear that Mr. Billiot was released from incarceration some five years before that, or around the time that he executed the conditions of his probation in June 2003. Therefore, had Mr. Billiot initially registered in June 2003 as he was required to do by ^statute, his obligation to register would not have expired for ten (10) years (assuming he successfully complied with all statutory requirements).
in 2007, the Louisiana legislature amended La. R.S. 15:541, et seq., through 2007 La. Acts, No. 460 § 2. The changes became effective January 1, 2008, and, with regard to the retroactivity of the registration requirements of the provisions of the Act, § 6 provided as follows:
The provisions of this Act shall apply to all persons convicted of a sex offense or a criminal offense against a victim who is a minor, as defined in R.S. 15:541, regardless of the date of conviction, with the exception of those persons required to register under previous provisions of law whose obligations to register have been fulfilled and extinguished by operation of law. Any person under an obligation to register as of the effective date of this Act shall comply with the requirements contained in this Act and shall be given credit for having fulfilled their obligations to register for the length of time equal to their previous registration in compliance with law.
Effective January 1, 2008, La. R.S. 15:542 provided, in pertinent part, as follows:
A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
(1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetra *117 tion or attempted perpetration of, or any conspiracy to commit either of the following:
(a) A sex offense as defined in R.S. 15:541(14.1), with the exception of those convicted of felony carnal knowledge of a juvenile as provided in Subsection F of this Section;
(b) A criminal offense against a victim who is a minor as defined in R.S. 15:541(9)[.]
At that time, “sex offense” for the purpose of registration and notification was defined in La. R.S. 15:541(14.1) as “deferred adjudication, adjudication withheld, or conviction for the perpetration or attempted perpetration of ... of any provision of Subpart C of Part II or Subpart A(l) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.... ” In January 2008, La. R.S. 14:81.2 (molestation of a juvenile) constituted a “sex offense” as defined by La. R.S. 15:541(14.1) as it was included in Subpart A(l) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.
| (¡Moreover, effective January 1, 2008, La. R.S. 15:544 provided, in pertinent part, as follows with regard to the registration of sex offenders:
A. Except as provided for in Subsection B of this Section, a person required to register and provide notification pursuant to the provisions of this Chapter shall comply with the requirement for a period of fifteen years from the date of the initial registration, unless the underlying conviction is reversed, set aside or vacated. The requirement to register shall apply to an offender who is pardoned.
B. (1) A person required to register pursuant to this Chapter who was convicted of a sexual offense against a victim who is a minor as defined in R.S. 15:541(14.2) shall register and maintain his registration and provide community notification pursuant to the provisions of this Chapter for a period of twenty-five years from the date of initial registration, unless the underlying conviction is reversed, set aside or vacated. The requirement to register shall apply to an offender who is pardoned.
[[Image here]]
D. (1) The registration period of fifteen years established in Subsection A of this Section shall be reduced to a period of ten years if the offender maintains a clean record for the entire ten-year period of registration.
In State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730, and 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001), the Louisiana Supreme Court held that retroactive application of Megan’s Law, requiring registration of sex offenders and public notification, did not impose punishment and, therefore, did not violate state and federal ex post facto law, even though the failure to comply with the registration and notification requirements is a crime and the offenders must pay the cost of notification. Implicit in the court’s holding was the finding that Louisiana’s statutory scheme for registration of sex offenders is merely a civil regulatory framework. See Olivieri, 2000-0172 at 16-25, 779 So.2d at 745-750. The Louisiana Supreme Court has recently reaffirmed its position that the restrictions imposed by Megan’s Law are civil, rather than punitive, for the protection of the public. State v. Trosclair, 2011-2302, p. 15 (La.5/8/12), 89 So.3d 340, 350. Moreover, the period of time a sex offender is obligated to register may be extended during the time of his original registration period |7without violating the ex post fact clause. Smith v. State, 2010- *118 1140, pp. 15-16 (La.1/24/12), 84 So.3d 487, 497-498.
As previously established, at the time of his release from incarceration in June 2003, Mr. Billiot was required by statute to register as a sex offender for a period of ten years. Even if he had successfully done so at that time, this period of original registration would not yet have expired at the time La. R.S. 15:544(B)(1) was amended to extend the registration and notification period to twenty-five years from the date of initial registration. Thus, applying the above jurisprudence to Mr. Billiot, as we are required to do, it is clear that Mr. Billiot has a statutory duty to comply with La. R.S. 15:544(B)(1) and register and provide notification as a sex offender for a period of twenty-five years from the date of his release from incarceration.[4]

Applicability of La. R.S. 15:544(D)(1)

During the hearing, the trial court made the following findings with regard to Mr. Billiot and his duty to register as a sex offender:
[I]t was my understanding, at the time that Mr. Billiot entered his plea, this was not, from what I have looked at, an offense that required registration.
So, that being the case, then what I am going to do is grant your motion, okay. Now, I don’t know that I need to do much more than that except to find that the amendment to 15:544 that requires the registration of prior persons who were then required to register does not apply to Mr. Billiot; therefore, he has satisfied, from a registration standpoint, any and all requirements of 15:544.
[[Image here]]
So I am granting the motion. I don’t know how to explain it any more than that other than it’s my understanding 15:544, as amended, does not require Mr. Billiot to re-register or continue his registration. He has satisfied all of his requirements, whatever they were, including registration.
IsAlthough not mentioned by the trial court during the September 6, 2011 hearing, included in the September 15, 2011 judgment signed by the trial court is the following language: “IT IS HEREBY ORDERED that the defendant ... be released from any further sex offender registration requirements, as provided in La. R.S. 15:544(D)(1).”
As previously discussed, La. R.S. 15:544(D)(1) provides a mechanism whereby the fifteen-year sex offender registration period may be reduced to a period of ten years if the offender maintains a clean record for the entire ten-year period.[5] As *119 explained above, Mr. Billiot was under a statutory duty to register as a sex offender at the time of his release from incarceration. Moreover, applying La. R.S. 15:544(B)(1), as amended by 2007 La. Acts, No. 460, § 2, the requisite time period applicable for Mr. Billiot’s conviction is now twenty-five years. And there is nothing in Louisiana law, La. R.S. 15:544(D)(1) or otherwise, that would “release [Mr. Bil-liot] from any further sex offender registration requirements.” Thus, Mr. Billiot clearly does not qualify for the relief set forth in La. R.S. 15:544(D)(1).
CONCLUSION
For the above and foregoing reasons, we reverse the September 15, 2011 judgment of the trial court and remand for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against defendant, Timothy E. Billiot.
REVERSED AND REMANDED.

. In a "First Amended and Superseding Petition for Appeal,” the State, as the custodian of Louisiana’s Sex Offender and Child Predator Registry, noted that it could have intervened in the action below pursuant to La.Code Civ. P. art. 1091 but did not have notice that the action was pending. See State v. Garst, 2007-422, pp. 7-8 (La.App. 5 Cir. 10/30/07), 970 So.2d 1138, 1142. Thus, as set forth in La. Code Civ. P. art. 2086, the State filed the instant appeal challenging the trial court's judgment below,

. Megan Kanka was a seven-year-old New Jersey girl who was sexually assaulted and murdered in 1994 by a neighbor who, unknown to the victim’s family, had prior convictions for sex offenses against children. The crime gave impetus to laws for mandatory registration of sex offenders and corresponding community notification. In 1994, Congress passed the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, Title 17, 108 Stat.2038, as amended, 42 U.S.C. § 14071, which conditions certain federal law enforcement funding on the States’ adoption of sex offender registration laws and sets minimum standards for state programs. By 1996, every state, the District of Columbia, and the federal government had enacted some variation of Megan's Law. See Smith v. Doe, 538 U.S. 84, 89-90, 123 S.Ct. 1140, 1145, 155 L.Ed.2d 164 (2003).

. In 2001, La. R.S. 15:544(A) provided as follows:
A person required to register and give notice under R.S. 15:542 shall comply with the requirement for a period of ten years after the conviction, if not imprisoned during that period in a penal institution, full-time residential treatment facility, hospital, or other facility or institution pursuant to the conviction. If the person required to register and give notice is imprisoned or confined to a penal institution, full-time residential facility, hospital, or other facility or institution pursuant to the conviction, he shall comply with the registration and notice provisions for a period of ten years after release from his confinement or imprisonment. A convicted sex offender’s duty to register and give notice terminates at the expiration of ten years from the date of initial registration, provided that during the ten-year period the convicted sex offender does not again become subject , to this Chapter.

. As noted by the State in its appellate brief, there is no provision in Louisiana law that affords the trial court the ability to waive registration and notification requirements. Pursuant to 1999 La. Acts, No. 594, § 2, former La. R.S. 15:544(B), which had afforded a person required to register as a sex offender the opportunity to petition the trial court to be relieved of that duty, was repealed. Prior to its repeal, La. R.S. 15:544(B) provided the "court may relieve the petitioner of the duty to register and give notice only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes” of the registration and notification laws.

. Subsection (D)(1) was amended by 2010 La. Acts, No. 400, § 1 and 2011 La. Acts, No. 318, § 1 and now provides, in pertinent part, as follows:
D. (1) The registration period of fifteen years established in Subsection A of this Section may be reduced to a period of ten years if the offender maintains a clean record for the entire ten-year period of registration upon petition to be relieved of the sex offender registration to the court of conviction for those convicted in Louisi *119 ana.... The petition shall be accompanied by a certification from the office of state police of the offender's history of registration in Louisiana.