**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1049

ANTHONY GALLO

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS

Judgment Rendered: ___**JUN 0 4 2024**___

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
District Court No. 706284

Honorable Beau M. Higginbotham, Judge Presiding

* * * * *

Anthony Gallo
Angie, LA

Plaintiff-Appellant,
*Pro Se*


Jonathan R. Vining
Baton Rouge, LA

Attorney for Defendant-Appellee,
Louisiana Department of Public Safety
& Corrections

* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. concurs for the reasons assigned.

**HESTER, J**

Petitioner-appellant, Anthony Gallo, an inmate in the custody of the Department of Public Safety and Corrections ("the Department"), filed a petition for judicial review of a final agency decision (ARDC-2020-83) under the Corrections Administrative Procedure Act, La. R.S. 15:1171 *et seq.*, regarding the applicability of the sex offender registration and notification requirements. The Department submitted the record of the administrative proceedings relative to ARDC-2020-83. The Department also answered the petition, denying all allegations therein and stating that Gallo was required to "address any issues regarding his sex offender registration and the Parole Board's decision with the Committee on Parole."

The Commissioner for the Nineteenth Judicial District Court[1] issued a recommendation on May 17, 2023 to affirm the Department's decision to deny Gallo's request for administrative remedy in ARDC-2020-83 and to dismiss Gallo's judicial review action. On June 14, 2023, the district court issued judgment dismissing Gallo's judicial review action of ARDC-2020-83, with prejudice and assessing costs to Gallo. This appeal followed.

## BACKGROUND[2]

On September 25, 1986, Gallo was convicted of "14:27 [Attempted] Aggravated Rape," and he was sentenced to ten years at hard labor on October 30, 1986, which was prior to the enactment of the sex offender registration and notification statutes.[3] Gallo "was committed to Rayburn Correctional Center to

---

[1] The Office of Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5).

[2] In the limited record of this case, the only information provided regarding Gallo's arrest, convictions, incarcerations, and sex offender registration and notification requirements was in Gallo's own statements in his request for administrative remedy, petition for judicial review, and brief in support of judicial review.

[3] Louisiana's sex offender registration and notification provisions were originally enacted in 1992 and are codified in La. R.S. 15:540 *et seq.* See 1992 La. Acts No. 388, § 1. Louisiana's

2

continue his sentence" on or about January 22, 1993. He was released in June 1995 on "'Good Time' parole supervision for the remaining 2 ½ years and was not require[d] to register on the grounds of ex post facto[]."[4] According to Gallo, however, he served the remainder of this sentence while incarcerated for possession of marijuana.

Gallo stated that he was released from custody in June 2001[5] and was provided with the registration and notification requirements for sex offenders by his parole officer. Gallo further stated that the parole officer informed him that he was required to register as a sex offender for life. Gallo maintained that he "signed under duress of not being release[d] from custody as was stated by his parole officer." In January 2006, Gallo was arrested for "1st D.W.I. and served 18 months of the 3 years for the poss[ession] of marijuana conviction."[6] On or about January 28, 2009, Gallo "did a

___

statutory scheme for registration of sex offenders is merely a civil regulatory framework. **State v. Billiot**, 2012-0174 (La. App. 1st Cir. 9/21/12), 104 So.3d 113, 117, <u>citing</u> **State ex rel. Olivieri v. State**, 2000-0172 (La. 2/21/01), 779 So.2d 735, 745-750, <u>cert. denied</u>, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730, and 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001). Thus, the restrictions imposed by the sex offender registration and notification provisions are civil, rather than punitive, for the protection of the public. **State v. Trosclair**, 2011-2302 (La. 5/8/12), 89 So.3d 340, 350.

[4] Article I, § 10 of the United States Constitution and Article I, § 23 of the Louisiana Constitution prohibit applying criminal laws *ex post facto*. The Supreme Court in **Olivieri**, 779 So.2d at 745-50, determined that retroactive application of Megan's Law, requiring registration of sex offenders and public notification, did not impose punishment and, therefore, did not violate state and federal *ex post facto* law. Remedial legislation intended to protect the public, like the sex offender registration and notification requirement, is properly assessed as the law exists at the time that the probationary or parole conditions are fixed. <u>See</u> **State v. I.C.S.**, 2013-1023 (La. 7/1/14), 145 So.3d 350, 356-57.

[5] Since the enactment of the sex offender registration and notification provisions in 1992, La. R.S. 15:544 has provided that the applicable time period for registration begins after the conviction, provided the offender is not imprisoned during that time pursuant to such conviction. If the offender was imprisoned, he must comply with the registration provisions beginning with the date of release from imprisonment. According to Gallo, he completed his sentence for attempted aggravated rape in June of 2001, at which time his registration period began.

[6] The legislature amended La. R.S. 15:544, effective January 1, 2008, to provide that if during the period in which an offender is required to register the offender is subsequently incarcerated for the commission of a subsequent felony or where probation or parole of the offender is revoked, then the period of registration and notification shall begin anew from the date the offender is released from incarceration with no credit given for the prior period of registration and notification. 2007 La. Acts No. 460, §§ 2 and 8. Louisiana Revised Statutes 15:544(D)(1) currently provides as follows:

> If an offender begins the period of registration and notification and is subsequently incarcerated for any reason other than a misdemeanor arrest or a misdemeanor conviction or for a felony arrest which does not result in a conviction, then the

[90-day] (Tech) turn around for parole violation." Upon his release, he "was informed to continue to register with probation and parole as a sex offender for life – no legal exceptions."[7]

According to Gallo, he complied with the sex offender registration and notification laws and met "the requirements for the 'clear record' period of 15 years or more ... without an arrest that [led] to a felony conviction or any offense for which imprisonment of more than one year was imposed pursuant to R.S. 15:544(3)(a)(D)." However, Gallo was arrested for "the instant offense of R.S. 14:32 Vehicular Homicide, in which he was convicted and sentence[d] to 18 years ... hard labor on 7/29/19" and he currently remains in custody.

In his brief on judicial review, Gallo stated that he "seeks relief of the lifetime registration and injunction order against probation and parole authority to supervise him as a sex offender, after his release under the States authority of R.S. 15:544(D)." He maintained that there was no authority to require him to register as a sex offender for his lifetime and requested that he be released from the authority of the Department "in the past and possibly continue to do so after his release" regarding registration requirements.

## LAW AND DISCUSSION

Prisoner suits are subject to the administrative procedures of Louisiana Corrections Administrative Remedy Procedure Act ("CARP"), La. R.S. 15:1171 *et seq.*, which is the formal grievance mechanism that all offenders committed to the custody of the Department must use before they may proceed with a suit in federal

period of registration and notification shall begin anew on the day the offender is released from incarceration, with no credit for the period of time in which the offender complied with registration and notification requirements prior to his incarceration.

[7] The period of time a sex offender is obligated to register may be extended during the time of his original registration period without violating the *ex post facto* clause. **State v. Billiot**, 2012-0174 (La. App. 1st Cir. 9/21/12), 104 So.3d 113, 117-18, citing **Smith v. State**, 2010-1140 (La.1/24/12), 84 So.3d 487, 497-498.

4

or state court. **Alonzo v. Cain**, 2014-0172 (La. App. 1st Cir. 9/19/14), 154 So.3d 551, 553, <u>writ denied</u>, 2014-2165 (La. 12/8/14), 153 So.3d 445; LAC 22:I:325(D)(1). Under the provisions of CARP, an offender aggrieved by an adverse decision by the Department rendered pursuant to the prescribed administrative remedies may seek judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177(A). However, administrative decisions relative to delictual actions for injury or damages are expressly excluded from Section 1177(A) and must be filed separately as original civil actions pursuant to La. R.S. 15:1177(C). **Foster v. Louisiana Department of Public Safety & Corrections**, 2012-0358 (La. App. 1st Cir. 11/2/12), 111 So.3d 81, 82.[8]

Pursuant to La. R.S. 15:1177(A)(9), a reviewing court may reverse or modify the Department's decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. When reviewing the Department's decision, the district court functions as an appellate court. **Marchand v. Louisiana Department of Public Safety & Corrections**, 2020-0747 (La. App. 1st Cir. 2/24/21), 322 So.3d 269, 272, <u>writ denied</u>, 2021-00457 (La. 9/27/21), 324 So.3d 104. An aggrieved party may appeal a final judgment of the district court to the appropriate appellate court. La. R.S. 15:1177(A)(10). On appeal of the district court's judgment, the appellate court

---

[8] After the Supreme Court's decision in **Pope v. State**, 99-2559 (La. 6/29/01), 792 So.2d 713, the legislature amended La. R.S. 15:1177(A) to exclude tort claims from judicial review. <u>See</u> 2002 La. Acts, 1st Ex. Sess., No. 89, § 2.

reviews the administrative record *de novo* under the criteria of La. R.S. 15:1177(A)(9). **Marchand**, 322 So.3d at 273.

Gallo appears to have sought multiple types of relief related to the sex offender registration and notification statutes. Gallo indicated that he sought to be relieved of the lifetime registration requirement because at the time he was sentenced no such law was in effect and because he was only required to register for fifteen years, which he completed. He also sought an injunction prohibiting the Division of Probation and Parole from supervising him as a sex offender.

Louisiana Revised Statutes 15:544.1 provides for petitions for injunctive relief and declaratory judgments regarding the application or interpretation of the registration and notification requirements, which shall be filed through ordinary civil proceedings in the district court for the parish where the state capitol is situated. Gallo has not filed an ordinary civil proceeding. To the extent he seeks an injunction or declaratory relief regarding the application or interpretation of the registration and notification requirements, Gallo is not entitled to these forms of relief in this judicial review action.[9] See **Bally's Louisiana, Inc. v. Louisiana Gaming Control Board**, 1999-2617 (La. App. 1st Cir. 1/31/01); 807 So.2d 257, 265-66, writ denied, 2001-0510 (La. 1/11/02), 807 So.2d 225 ("The request for injunctive relief should be addressed in a proceeding separate and apart from the petition for judicial review and tried by a trial court of original jurisdiction."); also see **Scott v. Louisiana Department of Public Safety & Corrections**, 2022-1103 (La. App. 1st Cir. 4/14/23), 364 So.3d 1155, 1157-58, writ denied, 2023-00703 (La. 9/26/23), 370

---

[9] We note that La. R.S. 15:544.1 does not apply to summary proceedings provided for in La. R.S. 15:544(E), providing the procedures for reducing notification periods after a sex offender maintains a clean record for a requisite period of time. In order to obtain such reductions, the offender must file a "motion to be relieved of the sex offender registration in the court of conviction" if convicted in Louisiana. See La. R.S. 15:544(E). To the extent that Gallo seeks relief under La. R.S. 15:544(E), he is required to seek such relief in the Twenty-First Judicial District Court where he was convicted.

So.3d 479 (finding that prisoner's "claim for monetary damages was required to be filed as an ordinary suit ... not as a petition for judicial review").

To the extent Gallo sought review or relief from the decision of the Division of Probation and Parole, [10] we note that La. R.S. 15:574.11(A) provides that parole is an administrative device for the rehabilitation of prisoners under supervised freedom from actual restraint, and the granting, conditions, or revocation of parole rest in the discretion of the committee on parole. Importantly, no prisoner or parolee shall have a right of appeal from a decision of the committee regarding release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole before the end of the parole period, or the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing pursuant to La. R.S. 15:574.9. La. R.S. 15:574.11(A). As this court stated in **Moore v. Louisiana Parole Board**, 2022-1278 (La. App. 1st Cir. 6/2/23), 369 So.3d 415, 418, "an appeal is allowed only where the parolee has **alleged in his petition for judicial review** that his right to a revocation hearing has been denied or that the procedural due process protections specifically afforded by La. R.S. 15:574.9 in connection with such a hearing were violated." (Emphasis in original.) There is no other basis for an appeal. Accordingly, Gallo had no right to appeal from a decision of the Division of Probation and Parole that he must register as a sex offender.

After a careful review of limited facts and circumstances of this case, we find no grounds to reverse or modify the administrative decision under La. R.S. 15:1177(A)(9). Accordingly, the district court did not err in dismissing Gallo's judicial review action, with prejudice and assessing costs to Gallo.

---

[10] Gallo claimed in his brief in support of his judicial review action that "the Department of Corrections and Public Safety through the [D]ivision of Probation and Parole unlawfully placed him under lifetime registration from June 4, 2001 until his arrest on the current charge."

## CONCLUSION

The district court's June 14, 2023 judgment dismissing Anthony Gallo's petition for judicial review of the decision of the Department of Public Safety and Corrections in ARDC-2020-83, with prejudice, at Anthony Gallo's cost is affirmed. Costs of this appeal are assessed to Anthony Gallo.

**AFFIRMED.**

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2023 CA 1049

# ANTHONY GALLO

# VERSUS

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*PMC*

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**McClendon, J., concurring.**

I concur in the result reached by the majority.