PETTIGREW, J.
Defendant, Milton Tess Patin, was charged by grand jury indictment with forcible rape, a violation of La. R.S. 14:42.1. He pled not guilty. Subsequently, the State filed an amended bill of information charging defendant with carnal knowledge of a juvenile, a violation of La. R.S. 14:80. Defendant pled guilty to this amended charge. Prior to sentencing, defendant filed a petition to be relieved of the probation condition that required him to comply with the sex offender registration and notification requirements of La. R.S. 15:542. The trial court granted the petition. The court sentenced defendant to three years at hard labor, suspended the sentence, and placed defendant on three years active probation with special conditions, including thirty days of community service work. The State appeals the trial court’s decision to exempt defendant from the sex offender registration and notification requirements. For the reasons that follow, we affirm.
DISCUSSION
Because there was no trial and the record does not contain the Boykin transcript, information concerning the facts of the offense is limited. The following facts are taken from the victim’s statements. On October 28,1998, C.H., who was fifteen years old at the time, wanted to run away from home. She contacted defendant, who was twenty-five years old, and asked him to drive her to her brother’s home. Defendant agreed. C.H. left a “runaway” letter for her parents and secretly left her house. She then left with defendant. Defendant told C.H. that he wanted to show her where he lived. Defendant stopped at his mobile home, and C.H. followed him inside. Defendant grabbed C.H. and started kissing her. Although she struggled with defendant, he removed her clothes and his own. During the struggle she bruised her knee. After having sexual intercourse with C.H., defendant told her to get dressed and drove her home.
Before granting defendant’s petition to be relieved of the sex offender registration and notification requirements, the trial court revealed some additional facts in its reasons for its decision. The court noted that the victim did not show up to testify at “the other hearing,” that defendant testified the victim made advances toward him, that defendant |ahad asked her age and she responded that she was “old enough,” and that the victim “called him, paged him back, [and] went back.”
The State contends that defendant is obligated under La. R.S. 15:542, et seq. to comply with the sex offender registration and notification requirements. The State argues that the judicial waiver provision in La. R.S. 15:544(B), which was in effect when the offense was committed, was inapplicable because it was repealed prior to defendant’s sentencing. The State further argues that the application of the amended sex offender requirements, existing at the time of sentencing, and which did not provide for a judicial waiver, does not violate ex post facto constitutional provisions.
*654 The time period within which a convicted sex offender must register and provide notification is set forth in La. R.S. 15:544. Subsection B of La. R.S. 15:544, which existed at the time of the commission of the offense and provided for a judicial waiver of the registration and notification requirements, was repealed by 1999 La. Acts No. 594, § 2 prior to defendant’s sentencing. Prior to repeal, subsection B read:
Any person having the duty to register and give notice under R.S. 15:542 may petition the court to be relieved of that duty. The petition shall be made to the court in which the petitioner was convicted of the offense that subjects him to the duty to register, or, in the case of conviction in other states, to the district court of the parish in which the person is registered. The district attorney of the parish shall be named and served as the defendant in any such petition. The court shall consider the nature of the sex offense committed and the criminal and relevant noncriminal behavior of the petitioner, both before and after conviction, and may consider other factors. The court may reheve the petitioner of the duty to register and give notice only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of this Chapter.
Defendant argues that La.Code Crim. P. art. 895(H)(5), which contains a judicial waiver similar to that repealed in La. R.S. 15:544(B), provides the authority for the judicial waiver of the requirements when probation is imposed. Defendant contends that the judicial waiver provision in Article 895(H) only applies to persons, such as himself, who are convicted of violating La. R.S. 14:80. He further notes that the Louisiana Supreme Court has referred to this exception in the recent case of State ex rel. Olivieri v. State, 2000-0172, 2000-1767 (La.2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001).
LArticle 895 establishes conditions of probation. Subsection (H) sets forth probation conditions for certain sex offenders. Prior to its 2001 amendment, Subsection (H)(5) applied to persons convicted of violating La. R.S. 14:80 as follows:[2]
H. In cases where the defendant has been convicted of the perpetration or attempted perpetration of any provision of R.S. 14:92(A)(7), Subpart C of Part II, Subpart B of Part IV, .or Subpart A(l) or A(4) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, and probation is permitted by law and when the court places a defendant on probation, the court shall order the following:
(5) In cases where the defendant has been convicted of a violation of R.S. 14:80(A)(1), the defendant may petition the court to be relieved of or have modified certain conditions of probation required in Paragraph H of this Article. The petition shall be made a part of the original record of the court in which the petitioner was convicted of the offense that subjects him to the conditions of probation or, in the case of convictions in other states, the defendant shall petition the district court of the parish in which the person is registered. The district attorney of the parish shall be served with a copy of the petition. The court *655 shall order a contradictory hearing and shall consider the nature of the sex offense committed and the criminal and relevant noncriminal behavior of the petitioner, both before and after conviction, and may consider other factors. The court may relieve the petitioner of certain conditions of probation or modify certain conditions of probation only if the petitioner shows, with clear and convincing evidence, that modifying the condition of probation will not serve the purposes of this Chapter. The state may appeal or seek review of the court’s ruling.
It is well established that criminal statutes are to be strictly construed and, in the absence of an express legislative intent, any doubt or ambiguity should be resolved in favor of lenity and not so as to multiply the penalty imposed. La. R.S. 14:3; State ex rel. Mims v. Butler, 601 So.2d 649, 655 (La.1992). Moreover, rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible. But if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general |sin character. State In Interest ofD.L., 30878, pp. 8-9 (La.App. 2 Cir. 6/24/98), 715 So.2d 623, 628.
Louisiana Revised Statutes 15:542, et seq., sets forth the registration and notification requirements imposed on all convicted sex offenders in Louisiana. At the time of the commission of the instant offense, La. R.S. 15:544(B) provided for a judicial waiver of these requirements. This provision was repealed by 1999 La. Acts No. 5, § 2. Thus, at the time of defendant’s sentencing on May 11, 2001, there was no judicial waiver provided for in La. R.S. 15:544. However, at the time of the offense and defendant’s sentencing, there was a provision for judicial waiver in Article 895. The judicial waiver in Article 895(H)(5) only pertains to convictions for carnal knowledge of a juvenile. The legislature did not repeal that particular provision in 1999 when it repealed the waiver provision in La. R.S. 15:544.
We also note that the Louisiana Supreme Court has recently acknowledged the judicial waiver set forth in Article 895. In State ex rel. Olivieri v. State, the court noted as follows:
Our review of Louisiana’s Megan’s Law shows only the following exception to its community notification provisions. LA.CODE CRIM. PROC. ANN. § 895(H)(5) permits a defendant convicted of LA.REV.STAT. ANN. § 14:80(A)(1) (carnal knowledge of juvenile when there is consent between the parties, but there is an age difference of greater than two years between the two persons) to petition for relief or modification of certain conditions of LA.CODE CRIM. PROC. ANN. § 895(H).
State ex rel. Olivieri v. State, 2000-0172 at 20, 779 So.2d at 747 (footnote omitted).
The provisions of La. R.S. 15:542 pertain to sex offenders in general. However, Article 895(H)(4) is more specific and applies to only one class of offenders, those convicted of carnal knowledge of a juvenile and placed on probation. Thus, pursuant to Article 895, the trial court had the discretion to relieve defendant of the specific probation condition that he comply with the sex offender registration and notification requirements. Accordingly, the State’s argument lacks merit.
AFFIRMED.

. 2001 La. Acts No. 1206, § 3 rewrote this portion of Article 895 and designated this section as subsection (4).