hPER CURIAM.
We have before us a motion to stay the ruling of the juvenile court requiring the Department of Public Safety and Corrections (the “Department”) to transfer five youths presently under the juvenile court’s jurisdiction from the Swanson Correctional Center for Youth Madison Parish Unit (historically known as “Tallulah”) to an alternate secure care facility under penalty of a $100-per-day fine. Regarding the Department’s appeal on the merits for which notice has been filed in the juvenile court, we grant the writ to consider the merits of the case, thus, we order the bypassing of the court of appeal. Although the only application currently before this court is a stay order, in the exercise of our supervisory jurisdiction we take this extraordinary step in the interest of expediency and because of the important public issues involved. See Perschall v. State, 96-0322, p. 2 (La.7/1/97), 697 So.2d 240, 243.
Upon learning that the juvenile court judge conducted no hearing at which evidence could be adduced before issuing his ex proprio motu ruling,[1] and in lieu of *715 ordering that any transcript and record of the proceedings below be lodged here, this court now vacates and sets aside the juvenile court’s ruling and remands the case to that court. The juvenile court is ordered to conduct an evidentiary hearing to elicit li>proof of the current conditions of confinement at the Tallulah facility for the five juveniles “under his jurisdiction,” and to determine anew whether these juveniles are being held under unconstitutional conditions. This hearing shall be conducted expeditiously, with preference and priority. In the interim, the voluntary agreement referenced in this court’s order of December 13, 2002, by which the Department temporarily moved the juveniles to an alternate confinement facility, is perpetuated until a resolution of the matter remanded is obtained in the juvenile court.

. Apparently, the juvenile court judge acted to declare the conditions of confinement at Tal-lulah unconstitutional after the Fourth Circuit Court of Appeal upheld this judge’s similar *715 finding in a recent unrelated decision. See State in the Interest of S.D., 02-0672 (La.App. 4th Cir. 11/6/02), 832 So.2d 415: