842 So.2d 322 (2003)
STATE of Louisiana,
v.
Milton Tess PATIN.
No. 2002-K-1126.
Supreme Court of Louisiana.
April 9, 2003.
*323 Richard P. Ieyoub, Attorney General, Richard J. Ward, Jr., District Attorney, Alfred P. LeBlanc, Jr., Scott S. Stassi, for Applicant.
Robert H. Hester, Baton Rouge, for Respondent.
PER CURIAM.
Charged by grand jury indictment with forcible rape in violation of La.R.S. 14:42.1, defendant-respondent entered a guilty plea to the lesser offense of carnal knowledge of a juvenile. La.R.S. 14:80(A)(1). At the time of the commission of the offense in October of 1998, La.R.S. 15:544(B) permitted a trial court to waive the otherwise mandatory registration and notification requirements for sex offenders in La.R.S. 15:542, upon a clear and convincing showing by a defendant that compliance with the statute would not serve the purposes of the law, i.e. "the paramount governmental interest" of protecting "the public from sex offenders, sexually violent predators, and child predators...." La.R.S. 15:540(A).
However, by the time respondent entered his guilty plea on November 3, 2000, the legislature had repealed La.R.S. 15:544(B) and thereby made the registration and notification requirements of La. R.S. 15:542 mandatory for all sex offenders. See 1999 La. Acts 594. Respondent nevertheless petitioned the trial court to relieve him of the duty to register and provide notice as a sex offender, not only as a matter of La.R.S. 15:542, but also as a matter of La.C.Cr.P. art. 895(H)(1) and (H)(2), which required at the time of respondent's *324 sentencing in May, 2001, that a court placing a defendant on probation for a sex offense order the offender to comply with a detailed set of notification requirements. Respondent relied on the provisions of (former) La.C.Cr.P. art. 895(H)(5), which authorized a trial court to grant a petition by a defendant convicted of carnal knowledge of a juvenile in violation of La.R.S. 14:80(A)(1) and to waive compliance with various conditions of probation set forth in La.C.Cr.P. art. 895(H), including the sex offender notification requirements of subsections (H)(1) and (H)(2). Respondent's motion referred to both La.R.S. 15:542 and La.C.Cr.P. art. 895(H), and asked broadly that the court relieve him "of his duty to register and notify."
After conducting a contradictory hearing with the state, the trial court granted respondent's petition and ruled that it was "not going to require him to publish according to the statute." The state appealed that ruling to the extent that the trial court's order appeared to relieve respondent of his duty to register and provide notice as a matter of La.R.S. 15:542 as well as La.C.Cr.P. art. 895(H). The court of appeal upheld the trial court's order, observing in pertinent part that "pursuant to Article 895, the trial court had the discretion to relieve defendant of the specific probation condition that he comply with the sex offender registration and notification requirements. Accordingly, the State's argument lacks merit." State v. Patin, 01-1782, p. 5 (La.App. 1st Cir.3/28/02), 813 So.2d 652, 655. The court of appeal purported to apply the general rule of statutory construction that when "two statutes deal with the same subject matter, they should be harmonized if possible. But if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." Patin, 01-1782 at 4-5, 813 So.2d at 655 (citation omitted).
This case is complicated by legislative amendments to La.C.Cr.P. art. 895(H) which occurred shortly after respondent's sentencing in May of 2001. By 2001 La. Acts 1206, the legislature rewrote La.C.Cr.P. art. 895(H) and redesignated the waiver provision of subsection (H)(5) as subsection (H)(4). In addition, the legislature rewrote subsections (H)(1) and (H)(2), eliminating the detailed list of notification requirements incorporated into the previous version of the statute and simplifying matters by cross-referencing the provisions of La.R.S. 15:540-49. La. C.Cr.P. art. 895(H)(1) now provides that when a court places a defendant on probation for a sex offense, it shall "order the offender to register as a sex offender and to provide notification in accordance with the provisions of R.S. 15:540 et seq."[1] To the extent that La.C.Cr.P. art. 895(H)(1) now requires a sex offender to register as well as to provide notice, the present statute is broader than former versions which required only notification as a condition of probation. However, the waiver provisions in (present) La.C.Cr.P. art. 895(H)(4) have remained unchanged since their enactment in 1995 as former La. C.Cr.P. art. 895(H)(5). See 1995 La. Acts 1291.
Because the analysis remains the same under the pre- as well as post-2001 *325 amendments, we will refer to the law as presently written. We begin, "as we must, with the language of the statute." Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995); see also State v. Barbier, 98-2923, p. 3 (La.9/8/99), 743 So.2d 1236, 1238 ("It is well established that the task of statutory construction begins with an examination of the language of the statute itself.... When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature."). According to its plain terms, La.C.Cr.P. art. 895(H)(4) permits a trial judge to relieve a sex offender convicted of carnal knowledge of a juvenile under La.R.S. 14:80(A)(1) of the duty to register and notify under La.R.S. 15:542 as a condition of probation otherwise imposed by La.C.Cr.P. art. 895(H)(1). The history of La.C.Cr.P. art. 895(H)(4) underscores the nature of this waiver provision. Before the legislature rewrote the statute in 2001, La.C.Cr.P. art. 895(H) had contained its own separate, detailed set of notification requirements as conditions of probation. The appellate court therefore properly concluded that the trial judge had the authority to waive sex offender notification procedures required by La.C.Cr.P. art. 895(H)(1) as specific conditions of probation, although those provisions now cross-reference La.R.S. 15:540-49, as to which waiver is no longer possible for any sex offender.
However, we granted the state's application to clarify that respondent must still comply with the registration and notification requirements of R.S. 15:540-49 because the failure to do so constitutes not simply a breach of a probation condition but an independent substantive criminal offense, either a one-year misdemeanor for the first conviction, or a three-year felony for a second or subsequent conviction. See La.R.S. 15:542(E)(1) and (E)(2). We find no indication from the language of La. C.Cr.P. art. 895(H)(4) or history of La. C.Cr.P. art. 895(H)(1) that the legislature has ever intended a broader scope for the waiver provisions of the former than the specific requirements of the latter. Repeal of the general waiver provision in La.R.S. 15:544(B) in 1999 suggests just the opposite. In fact, until 2001, La.C.Cr.P. art. 895(H)(1) never imposed a registration requirement and, to that extent, former La.C.Cr.P. art. 895(H)(5) never purported to waive that requirement.
Given the remedial purpose of Louisiana's sex offender registration and notice law in La.R.S. 15:540-549, the law in effect at the time of sentencing, which eliminated any possibility of waiver for any sex offender, may apply to respondent without violating the Ex Post Facto Clauses of the federal and state constitutions, although it is more exacting than the law in effect when respondent committed his crime. See State ex rel. Olivieri v. State, 00-0172, pp. 19-20 (La.2/21/01), 779 So.2d 735, 749. A defendant in respondent's position who has obtained a waiver under La.C.Cr.P. art. 895(H)(4) may not have his probation revoked for failure to abide by the requirement of La.C.Cr.P. art. 895(H)(1) that he register and give notice as a sex offender. For present purposes, given the cross-reference to La.R.S. 15:540-49 in La.C.Cr.P. art. 895(H)(1), we will assume also that he may not have his probation revoked on grounds that by failing to comply with Louisiana's sex offender registration and notification requirements, he has failed to abide by the fundamental requirement of all probationary terms that he generally refrain from criminal conduct. La.C.Cr.P. art. 895(A)(1). However, respondent's probationary status in the present case has no *326 bearing on whether his failure to comply with the registration and notification provisions of La.R.S. 15:542 may expose him to additional penalties for violation of the law. The awkward asymmetry of present law in this regard is a matter for the legislature to address.
Accordingly, the judgment of the court of appeal is affirmed to the extent that it upholds the trial court's decision to relieve respondent of the specific condition of probation imposed by La.C.Cr.P. art. 895(H)(1) that he comply with the sex offender requirements of La.R.S. 15:542. However, any implications arising from the court of appeal opinion that a waiver granted under La.C.Cr.P. art. 895(H)(4) may exempt a probationer from the duty to comply with the registration and notice requirements of La.R.S. 15:542, or risk incurring additional criminal sanctions, are expressly disavowed.
JUDGMENT OF COURT OF APPEAL AFFIRMED IN PART, MODIFIED IN PART.
WEIMER, J., concurs and assigns reasons.
WEIMER, J., concurring.
The waiver provisions of LSA-C.Cr.P. art 895(H)(4) explicitly apply only to conditions of probation. In limited circumstances, a trial court may waive the sex offender registration requirements as a condition of probation imposed by LSA-C.Cr.P. art. 895(H)(1) under the waiver provisions of LSA-C.Cr.P. art. 895(H)(4).[1] However, the court has no authority to waive altogether the registration requirements of LSA-R.S. 15:542, violation of which is a criminal offense. In 1999, the legislature deleted a comparable waiver provision from LSA-R.S. 15:544. The result is an untidy state of affairs from a practical standpoint.
If a probationer granted a waiver under LSA-C.Cr.P. art. 895(H)(4) fails to register under LSA-R.S. 15:542, the trial court may not revoke probation on the grounds that a condition of probation has been violated. However, the probationer risks revocation under the provisions of LSA-C.Cr.P. art. 859(A) (requiring that the probationer refrain from criminal conduct) because the failure to register under LSA-R.S. 15:542 constitutes an independent criminal offense. The trial court cannot decriminalize behavior via a waiver. Consequently, as a practical matter, the waiver provisions of LSA-C.Cr.P. art. 895(H)(4) cannot be utilized.
NOTES
[1] In their inception, La.R.S. 15:542, see 1992 La. Acts 388, was purely a registration statute and La.C.Cr.P. art. 895(H), see 1992 La. Acts 962, was purely a notification statute. La. R.S. 15:542 then became a registration and notification statute in 1995, see 1995 La. Acts 928; La.C.Cr.P. art. 895(H) became a notification as well as registration statute in 2001 when the legislature rewrote subsection (H)(1) to cross reference La.R.S. 15:540-49.
[1] Presumably, the legislature afforded the trial court discretion to waive the registration requirement for the offense of carnal knowledge, as it relates to probation, in a matter which involves a youthful offender.