970 So.2d 1138 (2007)
STATE of Louisiana
v.
Michael J. GARST.
No. 07-KA-422.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
*1139 Harrietta J. Bridges, Department of Public Safety and Corrections, Baton Rouge, Louisiana, for Plaintiff/Appellant.
Joseph A. Marino, III, Gretna, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
The Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information has appealed a judgment ordering the department to remove the defendant, Michael Garst, from the sex offender registration data base and relieving defendant of any further sex offender registration requirements. For the following reasons, we reverse.
FACTS:
On September 8, 2004, defendant pled guilty to carnal knowledge of a juvenile in violation of LSA-R.S. 14:80. The trial court sentenced defendant on December 14, 2004 to imprisonment at hard labor for five years, suspended, and placed him on active probation for five years. At that time, the trial court waived the sex offender registration requirements.
Later, a probation officer interviewed defendant and recommended that defendant register as a sex offender and give community notice of his crime, since under State v. Patin, 02-1126 (La.4/9/03), 842 So.2d 322, defendant was subject to prosecution for failure to register as a sex offender pursuant to LSA-R.S. 15:540 et seq. Defendant accepted the probation officer's recommendation and voluntarily registered as a sex offender, and the defendant's name was thereafter included on the State Sex Offender and Child Predator Registry.
On February 10, 2006, the Department of Public Safety and Corrections, Division *1140 of Probation and Parole, filed a motion and order for hearing to revoke defendant's probation based on defendant's arrest in St. Bernard Parish for two counts of looting. On October 30, 2006, a hearing was conducted on the Rule to Revoke Probation. However, on that date, the pending charges in St. Bernard Parish were dismissed, and the Rule to Revoke Probation was dismissed by the probation officer. On that same date, the trial court ordered that defendant be removed from the sex offender registration database and be relieved of any further sex offender registration requirements pursuant to the original sentence of the court. On November 28, 2006, the Office of State Police filed a "Petition for (suspensive) Appeal" that was granted.
DISCUSSION
Appellant argues that the trial court erred by ordering that defendant, a convicted sex offender, be removed from the sex offender registration database and be relieved of any further sex offender registration requirements pursuant to the original sentence of the court.
Defendant responds that the trial court did not err in waiving sex offender registration and reporting. He asserts that the original sentence should remain, and that he should not be required to register as a sex offender. He argues that the appellant does not have standing to appeal the original sentence.
The record reflects that on September 8, 2004, defense counsel advised the trial judge that he had reviewed the waiver of rights form with defendant, and that defendant wished to withdraw his not guilty plea and plead guilty to a violation of LSA-R.S. 14:80 A(1), carnal knowledge of a juvenile. The trial judge ordered a pre-sentence investigation (PSI).
Defense counsel also said that, pursuant to the discussion in the pre-trial conference, he was going to petition the trial court after the plea to allow defendant to be relieved of the reporting requirements under the sex offender statute. Afterwards, the trial judge engaged in a plea colloquy with defendant and found that defendant's guilty plea was knowing, intelligent, free, and voluntary.
On December 14, 2004, the trial judge told defendant she had an opportunity to read the probation supervision report. Defense counsel indicated he had also read it and that there was nothing incorrect in it. The trial judge then asked the prosecutor whether he had any objection to the PSI. The prosecutor responded that he had reviewed it and there was nothing else the court needed to know from the victim's standpoint. The trial judge subsequently sentenced defendant to serve five years at hard labor in the Department of Corrections, suspended, and placed him on five years active probation. She also waived any sexual offender registration.
On October 30, 2006, the probation officer advised the trial judge that the rule to revoke defendant's probation had been withdrawn, noting that the charges had been dismissed. The probation officer also advised the trial judge that defendant was complying with the other conditions of probation. The trial judge then issued an order that defendant's name be removed from the sex offender registration database.
In State v. Patin, 02-1126 (La.4/9/03), 842 So.2d 322, 322-26 (per curiam), cited by the appellant in its brief and by defense counsel at the September 8, 2004 hearing, defendant pleaded guilty to carnal knowledge of a juvenile. The State appealed the trial court's decision to exempt defendant from sex offender registration and notification requirements. The court of appeal upheld the trial court's order.
The Supreme Court in Patin stated that LSA-C.Cr.P. art. 895 H(4) permitted a *1141 trial judge to relieve a sex offender convicted of carnal knowledge of a juvenile under LSA-R.S. 14:80 A(1) of the duty to register and notify under LSA-R.S. 15:542 as a condition of probation otherwise imposed by LSA-C.Cr.P. art. 895 H(1) (emphasis as found in original). Id. at 325. The Supreme Court therefore found that the appellate court properly concluded that the trial judge had the authority to waive sex offender notification procedures required by LSA-C.Cr.P. art. 895 H(1) as specific conditions of probation, although those provisions now cross-referenced LSA-R.S. 15:540-49, as to which waiver was no longer possible for any sex offender.
However, the Supreme Court in Patin granted the State's application to clarify that respondent still had to comply with the registration and notification requirements of LSA-R.S. 15:540-49 because the failure to do so constituted not simply a breach of a probation condition, but an independent substantive criminal offense. Id. The Court noted that, "[t]he awkward asymmetry of present law in this regard is a matter for the legislature to address." Id. at 326.
In a concurring opinion, Justice Weimer succinctly summed up the law on this issue as follows:
The waiver provisions of LSA-C.Cr.P. art 895(H)(4) explicitly apply only to conditions of probation. In limited circumstances, a trial court may waive the sex offender registration requirements as a condition of probation imposed by LSA-C.Cr.P. art. 895(H)(1) under the waiver provisions of LSA-C.Cr.P. art. 895(H)(4).[1] However, the court has no authority to waive altogether the registration requirements of LSA-R.S. 15:542, violation of which is a criminal offense. In 1999, the legislature deleted a comparable waiver provision from LSA-R.S. 15:544. The result is an untidy state of affairs from a practical standpoint.
If a probationer granted a waiver under LSA-C.Cr.P. art. 895(H)(4) fails to register under LSA-R.S. 15:542, the trial court may not revoke probation on the grounds that a condition of probation has been violated. However, the probationer risks revocation under the provisions of LSA-C.Cr.P. art. 859(A) (requiring that the probationer refrain from criminal conduct) because the failure to register under LSA-R.S. 15:542 constitutes an independent criminal offense. The trial court cannot decriminalize behavior via a waiver. Consequently, as a practical matter, the waiver provisions of LSA-C.Cr.P. art. 895(H)(4) cannot be utilized.
State v. Patin, 842 So.2d at 326 (footnote as found in original).
Based on Patin, we find that the trial court erred by ordering that defendant be removed from the sex offender registration database and be relieved of any further sex offender registration requirements. Although the trial court had the authority to waive the sex offender registration requirements as a condition of probation under LSA-C.Cr.P. art. 895 H(4), it did not have the authority to waive the sex offender registration requirements of LSA-R.S. 15:540-49, violation of which is a criminal offense. Patin, supra. See also, State v. Quinones, 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824.
*1142 Defendant argues that the Louisiana Legislature corrected the problem set forth in Patin in the 2007 Regular Session. He asserts that the Legislature amended and reenacted LSA-R.S. 15:542 and other statutes pertaining to sex offender registration requirements. He contends that the new LSA-R.S. 15:542 specifically carves out an exception for the waiver of sex offender registration and notification for persons convicted of felony carnal knowledge of a juvenile. While, defendant is correct in that the Legislature has resolved the inconsistency noted by Patin, LSA-R.S. 15:542 F does not become effective until January 1, 2008. As such, Patin is still applicable to the instant case[2].
Defendant also contends that the Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information does not have standing to appeal the original sentence. We note that the appellant is not appealing the original sentence; rather, it is appealing the trial court's ruling ordering it to remove defendant's name from the sex offender registration database.
One of the duties of the Bureau of Criminal Identification and Information is to establish and maintain a central registry of sex offenders and to adopt regulations and procedures to prescribe the terms and conditions under which information shall be released in accordance with the provisions of LSA-R.S. 15:540 through 549. LSA-R.S. 15:578 A(7). In the instant case, "the Department of Public Safety and Corrections, Office of State Police, Bureau of Criminal Identification and Information" is adversely affected by the trial court's order to remove defendant's name from the sex offender registry since one of its duties is to establish and maintain that registry. As such, we find that the Office of State Police has standing to challenge the trial court's order.[3]
For the foregoing reasons, the October 30, 2006 order issued by the trial court is vacated.
ORDER VACATED; MATTER REMANDED.
NOTES
[1] In their inception, LSA-R.S. 15:542, see 1992 La. Acts 388, was purely a registration statute and LSA-C.Cr.P. art. 895(H), see 1992 La. Acts 962, was purely a notification statute. LSA-R.S. 15:542 then became a registration and notification statute in 1995, see 1995 La. Acts 928; LSA-C.Cr.P. art. 895(H) became a notification as well as registration statute in 2001 when the legislature rewrote subsection (H)(1) to cross reference LSA-R.S. 15:540-49.
[2] A review of Act No. 460 of the 2007 Regular Session indicates that LSA-R.S. 15:542 F(2) now provides that, "Upon motion by the district attorney, the court may waive sex offender registration and notification requirements imposed by the provisions of this Chapter for a person convicted of felony carnal knowledge of a juvenile (R.S. 14:80) when the victim is at least thirteen years of age and the offender was not more than four years older than the victim." Additionally, LSA-C.Cr.P. art. 895 H(4) was repealed by Section 3 of Act 460 effective January 1, 2008.
[3] Compare, State ex rel. R.C. v. Louisiana Dept. of Public Safety and Corrections, 02-3025 (La.12/19/02), 838 So.2d 714 (per curiam). In that case, the Louisiana Supreme Court had before it a motion to stay the ruling of the juvenile court requiring the Department of Public Safety and Corrections to transfer five youths under the juvenile court's jurisdiction from the Swanson Correctional Center to an alternate secure care facility. Upon learning that the juvenile court judge conducted no hearing at which evidence could be adduced before issuing his ruling, and in lieu of ordering that any transcript and record of the proceedings below be lodged, the Louisiana Supreme Court vacated and set aside the juvenile court's ruling and remanded the case to that court for an evidentiary hearing. See also, Roberson v. August, 01-1055 (La.App. 4 Cir. 5/29/02), 820 So.2d 620, 625 (the juvenile court has the authority to sentence juveniles and the Department of Corrections has the authority to assign juveniles to prison facilities). In these cases, the Department's standing to contest the ruling that was adverse to the Department was not challenged.