*351 GUIDRY, Justice.
_JjWe granted the writ application in this matter to determine whether the district court properly ordered the defendants to register as sex offenders pursuant to La. Rev.Stat. 15:542(A). The more precise question presented is whether the defendants, who, as adults, entered pleas of guilty to the charge of indecent behavior with a juvenile for conduct that occurred when the defendants were themselves under the age of 14 years old, must register as sex offenders under the statute even though they would not have been required to register as such had they entered guilty pleas as juveniles in juvenile court at the time they committed the offenses. For the reasons set forth below, we find under the plain language of the statute that the defendants qualify as “[a]ny ’adult residing in this state who has pled guilty to ... a sex offense as defined in R.S. 15:541 ...” and, therefore, must register as sex offenders pursuant to La.Rev.Stat. 15:542(A)(1).
| .FACTS AND PROCEDURAL HISTORY
The charges arose out of conduct committed by the defendant brothers sometime in January of 2004 upon R.A.S., then age 5, and A.R.S., then age 7 or 8. At that time, C.M.S. was 12 years of age and I.C.S. was 13 years of age. The offenses were ultimately reported by the victims over 7 years later, at which time both defendants were adults. In July of 2011, C.M.S. was indicted on two counts of aggravated rape by a Bossier Parish grand jury, while I.C.S. was charged by bill of information with one count of indecent behavior with a juvenile. The defendants were prosecuted in adult criminal court pursuant to Children’s Code Article 857(C)(2).[1] In January of 2012, pursuant to an agreement with the State, C.M.S, *352 then age 20, and I.C.S., then age 21,- entered pleas of guilty to one count each of indecent behavior with a juvenile, a violation of La.Rev.Stat. 14:81.[2]
In May of 2012, the district court sentenced C.M.S. to serve five years imprisonment at hard labor, suspended, and placed him on active supervised probation for three years with special conditions, including no contact with the |svictims’ immediate family. The district court sentenced 1.C.S. to serve three years imprisonment at hard labor, suspended, and placed him on active supervised probation for three years with the same special conditions. The district court further ordered both defendants to register as sex offenders for fifteen years pursuant to La.Rev.Stat. 15:542.
On appeal, the defendants asserted they could not be required to register as sex offenders because they were juveniles themselves at the time they committed the offenses. They based their argument on the fact that, had these offenses been discovered and prosecuted when they were still juveniles, their cases could not have been transferred to adult court, because each was under the age of 14 years old when the crimes occurred and because the crime of indecent behavior with a juvenile is not one of the seven crimes for which a child 14 years or older may be tried in adult court. See La.Rev.Stat. 15:542(A)(2) and (3). The defendants maintained that the sex offender registration requirement does not apply to any child under the age of 14 years at the time of the offense. They thus argued that the age of the offender at the time of the commission of the offense therefore determines whether the offender must register as a sex offender.
The court of appeal majority affirmed the district court’s judgment ordering the defendants to register as sex offenders. State v. I.C.S. c/w State v. C.M.S., Nos. 47,829 and 47,830 (La.App. 2 Cir. 2/27/13), 110 So.3d 1208. The majority rejected the defendants’ contention that they could not be required to register as sex offenders because they were juveniles at the time they committed the offenses. The majority interpreted La.Rev.Stat. 15:542(A)(1) as applying to “any adult residing in the state” who has pleaded guilty to one of the enumerated sex offenses regardless of whether the offense was committed when the offender was an adult |4or a juvenile. The appellate court majority recognized that, although La. Child. Code art. 857(C)(2) prohibits the district court from imposing any greater punishment than the defendants could have received in juvenile court, the sex offender registration requirements are not punitive in nature, citing State ex rel. Olivieri v. State, 00-0172 (La.2/22/01), 779 So.2d 735.
The dissenting member of the appellate panel noted that the sex offender registration law specifically provides in La.Rev. Stat. 15:542(A)(2) that it applies to juveniles who commit a sex offense described in Children’s Code articles 305 and 857, which offenses include aggravated and forcible rape, as well as juvenile offenders who commit crimes after reaching age 14.[3] *353 Because the defendants committed indecent behavior with a juvenile, a crime not enumerated in La. Child. Code art. 857, before they reached the age of 14, the dissenting judge reasoned that the sex offender requirements of La.Rev.Stat. 15:542 do not apply.
Because the issue presented is res nova, we granted the defendants’ writ application to review the lower courts’ rulings. State v. I.C.S. c/w State v. C.M.S., 13-1028 (La.2/7/14), 131 So.3d 849.
LAW AND DISCUSSION
The issue before us is purely one of statutory interpretation: Must the defendants register as sex offenders under La.Rev.Stat. 15:542(A)? The | ^principles guiding our interpretation of statutes are well-settled. The starting point in the interpretation of any statute is the language of the statute itself. Cat’s Meow, Inc. v. City of New Orleans, 98-0601, p. 15 (La.10/20/98), 720 So.2d 1186, 1198; Touchard v. Williams, 617 So.2d 885 (La.1993). Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law involves primarily the search for the legislature’s intent. La. Civ.Code art. 2; Landry v. Louisiana Citizens Property Ins. Co., 07-1907, p. 20 (La.05/21/08), 983 So.2d 66, 79; Detillier v. Kenner Regional Med. Ctr., 03-3259, p. 3 (La.7/6/04), 877 So.2d 100, 103. La. Civ. Code art. 9 provides that, when a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
However, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La.Rev.Stat. 1:3; La. Civ.Code arts. 12 and 13; Conerly v. State, 97-0871, p. 4 (La.7/8/98), 714 So.2d 709, 711. Where two statutes deal with the same subject matter, they should be harmonized if possible. La. Civ.Code art. 13; Kennedy v. Kennedy, 96-0741, p. 2 (La.11/25/96), 699 So.2d 351, 358 (on rehearing).
We begin, “as we must, with the language of the statute.” Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995); see also State v. Barbier, 98-2923, p. 3 (La.9/8/99), 743 So.2d 1236, 1238. La.Rev.Stat. 15:542(A), entitled “Registration of sex offenders and child predators,” provides in pertinent part as follows:
LA. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
(1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
(a) A sex offense as defined in R.S. 15:541, with the exception of those convicted of felony carnal knowledge of a *354 juvenile as provided in Subsection F of this Section; ....
La.Rev.Stat. 15:542(A) thus enumerates the persons who must register and provide notification as a sex offender. Those persons include “any adult” residing in this state who has pled guilty to or been convicted of a sex offense as defined in La. Rev.Stat. 15:541. In this case, indecent behavior with juveniles, La.Rev.Stat. 14:81, is a sex offense as defined in La.Rev.Stat. 15:541. See La.Rev.Stat. 15:541(24)(a). Accordingly, on its face, the statute clearly requires these defendants — adults who pleaded guilty to an enumerated sex offense — to register as sex offenders.
The defendants argue that it is the age of the offender at the time of the commission of the offense, rather than the age of the offender at sentencing, that determines which section of the statute applies. The defendants assert that La.Rev.Stat. 15:542(A) narrowly defines who must register to the exclusion of youthful offenders, with certain exceptions. They point out that La.Rev.Stat. 15:542(A)(2) and (3) provide as follows:
(2) Any juvenile who has pled guilty or has been convicted of a sex offense or second degree kidnapping as provided for in Children’s Code Article 305 [addressing crimes committed “when a child is 15 years of age or older at the time of commission ...” and committed aggravated rape and wherein the juvenile court was divested of jurisdiction] or 857 [addressing cases where the offender was “Ik years of age or older at the time of the commission ” and jurisdiction |7was transferred to the criminal court], with the exception of simple rape ...; and
(3) Any juvenile, who has attained the age of fourteen years at the time of commission of the offense, who has been adjudicated delinquent based upon the perpetration, attempted perpetration, or conspiracy to commit any of the following offenses:
(a) Aggravated rape ...,
(b) Forcible rape ...,
(c) Second degree sexual battery ...,
(d) Aggravated kidnapping of a child who has not attained the age of thirteen years ...,
(e) Second degree kidnapping of a child who has not attained the age of thirteen years ...,
(f) Aggravated incest involving circumstances defined as an “aggravated offense” ...,
(g) Aggravated crime against nature .... [Emphasis supplied].
Accordingly, the defendants contend the legislature, by reference to other statutes and by direct statement, has determined that the age of the defendant “at the time of the commission of the offense” controls whether the defendant must register under the statute. They further argue that in no case is sex-offender registration required for a child under the age of 14 years at the time of the commission of the offense. Accordingly, they contend they are not the type of “child predator” envisioned by the legislature as individuals who jeopardize the safety of the public and therefore must register and provide notification as sex offenders under La.Rev.Stat. 15:542(A).
We disagree with the interpretation of the statute advanced by the defendants. La. Child. Code art. 857(C)(2) provides for prosecution of an adult for a non-pre-seribed offense he committed as a child. There is no dispute that Art. |S857(C)(2) applies to the defendants in this case, and that they, accordingly, “shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction.” La. Child. Code art. (C)(2). Consequently, La. *355 Rev.Stat. 15:542(A), requiring registration and notification, applies to the defendants in this case, because they are adults who, as adults, entered pleas of guilty to a sex offense for which registration is required. Under the plain language of the statute, they are required to register as sex offenders.
While it is true that the statute identifies two particular classes of juvenile offenders who must register, La.Rev.Stat. 15:542(A) is not altogether silent regarding juvenile offenders who are not prosecuted until they become adults under La. Child. Code art. 857(C)(2). We recognize the canon casus omissus pro omisso habendus est, which means that a case omitted is to be held as intentionally omitted. See Si-monton’s Case, 2 Mart, (o.s.) 102 (La.Terr.Super.Orleans 1811) (“This case appears a casus omissus, for which it is not in the power of the court to provide a remedy.”) Under the omitted case canon, a matter omitted from the statute is recognized as such, and no further inquiry need be made into how the legislature would have handled the matter. However, while the legislature arguably could have more specifically addressed eases in which prosecution of child offenders is delayed until adulthood through no fault of the State, we do not view such a situation as necessarily an omitted case, because we interpret the statute to provide a catch-all provision in La.Rev.Stat. 15:542(A) in that registration is required of “any adult residing in the state who has pled guilty to, or been convicted of,” an enumerated offense. Such a general provision is logical because it obviates the potentially difficult task of probing into the cause of the delay in prosecution, and instead rationally applies to the offender as he stands at the time of sentencing.
A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency’s jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a victim who is a minor have a reduced expectation of privacy because of the public’s interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of *356 the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.
B. Therefore, this state’s policy is to assist local law enforcement agencies' efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies and to
require the exchange of relevant information about sex offenders, sexually violent predators, and child predators among state, local, and federal public agencies and officials and to authorize the release of necessary and relevant information about sex offenders, sexually violent predators, and child predators to members of the general public as provided in this Chapter.
*355 19Our interpretation is consistent with and supported by the remedial purpose of the sex offender registration and notice law. The purpose of the law is unequivocally set forth in La.Rev.Stat. 15:540, stressing the paramount governmental interest in protecting the community, aiding police in their investigation of sex offenders, enabling quick apprehension of sex offenders, and, ultimately, reducing the risk to public safety posed by sex offenders even after release.[4] The regis *356 tration requirement is not intended to be punitive, but is instead intended to further the legitimate public purpose of protecting the community. As we explained in Olivieri, 00-0172, pp. 19-20, 779 So.2d at 747:
|inA careful review of the subjective intent enunciated in La.Rev.Stat. § 15:540 shows that the Legislature enacted this state’s Megan’s Laws with an avowedly non-punitive intent. It is clear that the laws were enacted to protect communities, aid police in their investigation of sex offenders, and enable quick apprehension of sex offenders. These enactments were further founded on the findings of the Legislature that this legislation was of paramount governmental interest because: (1) sex offenders pose a high risk of engaging in sex offenses, (2) sex offenders have a high incidence of recidivism, and (3) unless there was registration and community notification, sex offenders could remain hidden and thereby increase the risk to public safety. Accordingly, it is apparent that the intent of the Legislature was to alert the public for the purpose of public safety, a remedial intent, not to punish convicted sex offenders.
We further explained in Olivieri that the requirements of the sex offender registration law do not constitute punishment, but instead they are sentencing consequences as a result of the crime, and, thus, did not violate the ex post facto clause of the federal or state constitutions.
[W]e find that the onus placed upon them by this legislation does not constitute a separate punishment for their offenses. Rather, it is clear that these obligations constitute a condition of their release, respectively, parole and probation, and any costs associated therewith are a necessary part of the regulatory scheme of the legislation in existence at the time of that release. See Bickman v. Dees, 367 So.2d 283 (La.1978). Moreover, we hasten to add that the economically harsh results of this well justified system of public notification is not the result of governmental action, but as a consequence of the sex offenders’ crimes.
00-0172, p. 24, 779 So.2d at 749.
We thus agree with the lower court that remedial legislation, intended to protect the public, is properly assessed as the law exists at the time that the probationary or parole conditions are fixed. Although La. Child. Code art. 857(C)(2) mandates prosecution as an adult, it limits the “confinement” that may be imposed on the offender to the maximum amount he could have been ordered to |nserve had he been adjudicated for the offense as a child at the time the offense was committed. See also La.Code Crim. Proc. art. 876(B). Accordingly, as the lower court acknowledged, if the offender is prosecuted as an adult for a crime committed as a child, the law does take into account his youthful age when he committed the offense and affords him some protections in the form of a maximum amount of confinement. But as we have explained, the sex offender registration and notification requirement is not *357 intended to be punitive; instead, it is remedial legislation intended to protect public safety, and as such “is a corollary of rather than an addendum to the punishment of sex offenders.” Olivieri, 00-0172, p. 22, 779 So.2d at 748. Moreover, it is well-settled that the registration and notification law in effect at the time of either release, see Olivieri,, supra, or sentencing, see State v. Patín, 02-1126 (La.4/9/03), 842 So.2d 322, may apply to the convicted sex offender without violating the ex post facto clauses of the federal and state constitutions. In State v. Pa,tin, we explained that, “[g]iven the remedial purpose of Louisiana’s sex offender registration and notice law in La.Rev.Stat. 15:540^49, the law in effect at the time of sentencing, which eliminated any possibility of waiver for a sex offender, may apply to respondent without violating the ex post facto clause of the federal and state constitutions, although it is more exacting than the law in effect when respondent committed his crime.” 02-1126, p. 5, 842 So.2d at 325.
CONCLUSION
In the instant case, the defendants were properly prosecuted pursuant to La. Child. Code art. 857(C)(2) and La.Code Crim. Proc. art. 876 as adults in a district court exercising criminal jurisdiction for crimes they committed as juveniles. They entered pleas of guilty as adults to indecent behavior with juveniles, a sex offense 112for which registration as a sex offender is required. See La.Rev.Stat. 15:541(24)(a). For the reasons set forth above, we conclude under the plain language of the sex offender and notification statute, La.Rev. Stat. 15:542(A), the defendants meet the requirement of “[a]ny adult residing in this state who has pled guilty to ... a sex offense as defined in R.S. 15:541 ...” and, therefore, must register as sex offenders pursuant to La.Rev.Stat. 15:542(A)(1). Accordingly, the rulings of the lower courts are affirmed.
AFFIRMED

. By amendment in 2008 of La. Child. Code art. 857(C)(2) and La.Code Crim. Proc. art. 876, the legislature authorized a procedure by which an adult who committed an offense while a juvenile may be prosecuted as an adult in a court exercising criminal jurisdiction, yet the adult defendant may be punished only to the extent that he would have been had he been tried as a child in a court exercising juvenile jurisdiction. Thus, La. Child. Code art. 857(C)(2), entitled “Transfer of crimes from juvenile court to district court; authority,” provides as follows:
An adult who is charged with an offense committed at the time he was a child for which the time limitation for the institution of prosecution pursuant to Code of Criminal Procedure Art. 571 has not lapsed and for which he was not subject to prosecution as an adult due to his age at the time the offense was committed shall be prosecuted as an adult in the appropriate court exercising criminal jurisdiction. If convicted, he shall be committed to the custody of the Department of Public Safety and Corrections to be confined in secure placement for a period of time as determined by the court not to exceed the maximum amount of confinement he could have been ordered to serve had he been adjudicated for the offense as a child at the time the offense was committed.

. Indecent behavior with a juvenile, a violation of La.Rev.Stat. 14:81, is á "sex offense” for which registration is required. La.Rev. Stat. 15:541 provides in pertinent part: "(24)(a) 'Sex offense' means ... conviction for ... R.S. 14:81 (indecent behavior with juveniles).”

. La. Child. Code art. 857 provides for transfers for criminal prosecution of the juvenile charged with first and second degree murder, aggravated kidnapping and aggravated rape, aggravated battery with discharge of a firearm, armed robbery with a firearm, and forcible rape of a child at least two years younger.
*353 La. Child. Code art. 305 addresses the divestiture of juvenile court jurisdiction for a child who commits first degree and second degree murder, aggravated rape, aggravated kidnapping, attempted first and attempted second degree murder, manslaughter, armed robbery, aggravated burglary, forcible rape, simple rape, second degree kidnapping, aggravated battery with a firearm, second or subsequent offense aggravated battery, second or subsequent offense aggravated burglary, and second or subsequent offense burglary of an inhabited dwelling.

. La.Rev.Stat. 15:540 provides as follows: