THERIOT, J.
A child, identified herein as N.J.,[1] was alleged to be delinquent according to a petition filed on September 28, 2017, by the State pursuant to the Louisiana Children's Code. The petition was based upon the alleged commission of armed robbery (count one) in violation of La. R.S. 14:64, second degree kidnapping (count two) in violation of La. R.S. 14:44.1, aggravated assault with a firearm (count three) in violation of La. R.S. 14:37.4, and simple battery (count four) in violation of La. R.S. 14:35. N.J. denied the allegations.[2] On November 29, 2017, the juvenile court adjudicated N.J. delinquent as alleged on counts one and two. On January 9, 2018, the juvenile court, on each count, committed N.J. to the Department of Public Safety and Corrections, Office of Juvenile Justice in a secure facility until his twenty-first birthday without the benefit of probation, parole, or suspension of sentence, to be served concurrently.[3] The juvenile court denied the State's request to inform N.J. that he is required to register as a sex offender, the State's subsequent motion to reconsider sentence, and the State's request to present evidence of the victim's age. The State now appeals, arguing that *269 the juvenile court erred in denying its request for sex offender registration notification. For the reasons that follow, we remand this matter to the juvenile court with instructions.
STATEMENT OF FACTS
According to the petition, the offenses occurred on September 18, 2017. The transcript of the adjudication hearing is not included in the record on appeal. However, the facts are not relevant to the issues addressed in the instant appeal.
ASSIGNMENT OF ERROR
In its sole assignment of error, the State argues that the juvenile court erred in denying the State's request to notify N.J. of the requirement to register as a sex offender.
DISCUSSION
The State notes that at the adjudication hearing, the Children's Advocacy Center (C.A.C.) interview of the victim was admitted into evidence. The State further notes that the interview was conducted on the same day as the offenses, September 18, 2017, and that the victim stated during the interview that she was twelve years old. Thus, the State argues that as N.J. was convicted of second degree kidnapping of a child who had not attained the age of thirteen years, in accordance with La. Ch. Code art. 884.1, the juvenile court was required to notify N.J. of his requirement to register as a sex offender. The juvenile court concluded that N.J. was entitled to notice prior to the adjudication that the State would be presenting evidence of the victim's age and denied the State's request.
On appeal, the State argues that the victim's age is not an element of second degree kidnapping, and therefore there was no notice required. Thus, the State contends that the juvenile court misinterpreted La. Ch. Code art. 884.1 in failing to notify N.J. of his requirement to register as a sex offender. The State prays for an order reversing the juvenile court's denial of the motion to reconsider sentence or, in the alternative, that this court reverse the juvenile court's actions and remand with instructions that the juvenile court, as part of the disposition, inform N.J. in accordance with La. Ch. Code art. 884.1 that he is required to register as a sex offender.
Legislation is the solemn expression of legislative will, and therefore, the interpretation of legislation is primarily the search for the legislative intent. La. Civ. Code art. 2 ; Burnette v. Stalder , 2000-2167, p. 6 (La. 6/29/01), 789 So.2d 573, 577 ; see also La. R.S. 24:177(B)(1) ("The text of a law is the best evidence of legislative intent."). When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent. La. Civ. Code art. 9 ; see also, La. R.S. 1:4 ; State v. I.C.S. , 2013-1023, p. 5 (La. 7/1/14), 145 So.3d 350, 353.
The intent of the registration and reporting requirements in La. R.S. 15:542 and La. Ch. Code art. 884.1 is clear and unambiguous. Specifically, La. R.S. 15:542, in pertinent part, provides:
A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
* * *
(3) Any juvenile, who has attained the age of fourteen years at the time of commission of the offense, who has been adjudicated delinquent based upon the perpetration, attempted perpetration, or *270 conspiracy to commit any of the following offenses:
* * *
(e) Second degree kidnapping of a child who has not attained the age of thirteen years ( R.S. 14:44.1 ).
Consistent therewith, as to the juvenile court's duty to inform the juvenile of sex offender registration and notification requirements, La. Ch. Code art. 884.1 clearly states, in pertinent part:
A. When the child has admitted the allegations of the petition or when adjudicated delinquent for any of the following offenses, the court shall provide him with written notice of the requirements for registration as a sex offender:
* * *
(5) Second degree kidnapping of a child who has not attained the age of thirteen years as defined in R.S. 14:44.1.
(Emphasis added).
Louisiana Children's Code Article 884.1 does not state that the child shall be notified of the sex offender registration requirements prior to adjudication; rather, only in the event of an admission or adjudication.
We note by analogy, that the above statutory interpretation is consistent with the plain language of the current version of La. R.S. 15:543, which, in part, governs the duties of the courts to inform the offender of the registration and notification requirements. Prior to revision by 2007 La. Acts No. 460, § 2, La. R.S. 15:543(A) stated, "The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542." (Emphasis added). Subsection A now states: "The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter." (Emphasis added). Thus, the legislature removed the former requirement that an accused be informed of sex offender registration requirements based on charges, and now only requires such notice in the event of a conviction. Similarly, in accordance with Louisiana Children's Code article 884.1, a child must be notified upon admission or adjudication, and thus, is not entitled to notice, in the petition or otherwise, of the registration requirements based on a mere allegation.
Herein, in denying the State's post-adjudication request at the disposition hearing that N.J. be informed of the sex offender registration requirement, N.J.'s counsel objected, in part, stating: "We'll object to that request Judge, as the allegation made in the petition it was not, therefore it was not put before the tryer [sic] of facts." In denying the State's request, the juvenile court, in part, stated: "I do believe that the allegations of the victim's age needs to be plead [sic] or at the very least the court needs to make a finding on the facts. Now whether or not post adjudication, there could be some kind of evidence here [I'm] not sure about, I'll let the first circuit inform me of that."
In subsequently denying the State's motion to reconsider the disposition and/or to present evidence of the victim's age, the juvenile court stated, in part, "I think [it's] only fair that defendant [sic] be put on notice prior to the adjudication that there will be an element [that] needs to be proved." The court considered the fact that the other offenses requiring sex offender registration, unlike second degree kidnapping, did not require proof of an element not required to be proven beyond a reasonable doubt as an element of the underlying offense. The court further considered the "incredible burden" that the registration requirements place. The juvenile court *271 did not recall whether evidence was presented at the adjudication hearing of the victim's age, and noted that no finding was made regarding the victim's age at the adjudication.
In response to the appeal, N.J. cites Apprendi v. New Jersey , 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), and the Fifth and Fourteenth Amendments to the United States Constitution, noting that any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. In Apprendi , the defendant was indicted for possession of a firearm with an unlawful purpose after firing shots at the home of a family in his neighborhood. The offense carried a penalty range of five to ten years. Following his arrest, the defendant made a comment indicating his actions were racially motivated; however, no mention of his motive was made in the indictment. The defendant pled guilty and the State reserved its right to request sentencing enhancement based on New Jersey's hate-crime statute. The New Jersey hate-crime statute, in part, authorized a 20-year sentence, despite the usual 10-year maximum, if the judge found the crime to have been committed with a purpose to intimidate because of race. Apprendi , 530 U.S. at 468-70, 120 S.Ct. at 2351-52.
In Apprendi , the Supreme Court concluded that defendant's constitutional rights had been violated because the judge imposed a sentence greater than the maximum sentence due to his own finding, rather than a jury's determination, that the crime had been committed with the purpose of intimidating because of race. Apprendi , 530 U.S. at 491-97, 120 S.Ct. at 2363-66. The statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely v. Washington , 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403, 6 A.L.R. Fed. 2d 619 (2004).
At the outset, we note that it is well settled that juvenile delinquency proceedings are "noncriminal" or "civil" in nature. State ex rel. D.J. , 2001-2149, p. 4 (La. 5/14/02), 817 So.2d 26, 29 (citation omitted); State in Interest of R.V., 2011-138, p. 10 (La. App. 5th Cir. 12/13/11), 82 So.3d 402, 408. Because of the fundamental differences between the adult and juvenile systems, due process, and implicitly fundamental fairness, do not require that every constitutional right guaranteed to adults be automatically granted to juveniles. State ex rel. D.J. , 2001-2149 at p. 5, 817 So.2d at 30. Further, in this case the age of the victim does not constitute a fact that increases the maximum penalty for the offense.[4]
Additionally, we note that Louisiana's sex offender registration requirements are not punitive; instead, they are remedial legislation intended to protect public safety. State v. I.C.S. , 2013-1023, pp. 9-11 (La. 7/1/14), 145 So.3d 350, 355-57 ; Smith v. State , 2010-1140, p. 15 (La. 1/24/12), 84 So.3d 487, 497 ;
*272 State v. Billiot , 2012-0174, p. 6 (La. App. 1st Cir. 9/21/12), 104 So.3d 113, 117 ("...Louisiana's statutory scheme for registration of sex offenders is merely a civil regulatory framework."). Apprendi does not change this principle.[5] In State ex rel. Olivieri , 2000-0172 (La. 2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001), the Louisiana Supreme Court considered an ex post facto challenge to the sex offender registration provisions. The Court held the registration and notification requirements imposed upon sex offenders to be a legitimate, non-punitive regulatory scheme that did not impose punishment. Olivieri, 2000-0172 at pp. 21-24, 779 So.2d at 748-49. Because such provisions were found to be remedial in nature, the Court concluded that application of the sex offender registration and notification laws to persons convicted before their enactment does not violate ex post facto principles. Id. In State v. Trosclair , 2011-2302, pp. 15-16 (La. 5/8/12), 89 So.3d 340, 350, the Louisiana Supreme Court reaffirmed its position that the restrictions imposed by the sex offender registration and notification provisions are civil, rather than punitive, for the protection of the public. Similarly, in Smith v. Doe , 538 U.S. 84, 105-06, 123 S.Ct. 1140, 1154, 155 L.Ed.2d 164 (2003), the United States Supreme Court determined that Alaska's lifetime registration and notification requirements for sex offenders were non-punitive and, thus, did not violate the ex post facto clause.
We further note that non-Louisiana courts have considered and rejected application of Apprendi to sex offender registration statutes. For example, the Supreme Court of Nebraska in State v. Payan , 277 Neb. 663, 672, 765 N.W.2d 192, 201-02, 51 A.L.R.6th 573 (2009), held that the lifetime registration requirement in Nebraska's sex offender registration statute was not punitive, and thus the trial judge's finding of an aggravating offense triggering the requirement did not violate the principles articulated in Apprendi and Blakely . Similarly, the Court of Appeals of Maryland in Young v. State , 370 Md. 686, 716-18, 806 A.2d 233, 250-52 (2002), ruled that the statutory requirement that certain convicted defendants, depending on the age of the victim, register as sex offenders does not constitute punishment for purposes of the requirement under Apprendi that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum be submitted to a jury and proved beyond a reasonable doubt.
Considering the above, we find merit in the State's argument on appeal. The State in this case presented evidence that the victim was twelve years old at the time of the offense. Thus, N.J. was adjudicated delinquent for the second degree kidnapping, as defined in La. R.S. 14:44.1, of a child who had not attained the age of thirteen years. We find that the juvenile court should have considered the evidence of the victim's age for the purposes of post-adjudication notification of the sex offender registration requirement. For the foregoing reasons, this matter is remanded to the juvenile court. On remand, the juvenile court shall provide N.J. with appropriate written notice of the requirements for registration as a sex offender pursuant to *273 La. Ch. Code art. 884.1(A)(5), and file written proof of such notice into the record of the proceedings.
ADJUDICATION AFFIRMED, REMANDED WITH INSTRUCTIONS.

As stated in the amended petition, N.J.'s date of birth is October 14, 2002.

Counts three and four were later dismissed. Thus, N.J. denied the allegations on counts one and two and the matter proceeded to adjudication on those two counts.

The juvenile court further entered a disposition for an offense in a separate case, carrying a firearm or dangerous weapon on school property.

Cf. State v. Gibson , 2009-486, pp. 10-15 (La. App. 5th Cir. 3/9/10), 38 So.3d 373, 379-81, writ denied, 2010-802 (La. 11/5/10), 50 So.3d 814. In Gibson , the defendant was sentenced in accordance with the penalty provision of La. R.S. 14:43.1(C)(2), which increased the maximum penalty for sexual battery from ten years to ninety-nine years imprisonment at hard labor when the victim is under thirteen years old and the offender is seventeen or older. The appellate court ultimately found that the Apprendi violation therein was harmless.

See State v. Leblanc , 2004-1032, pp. 12-13 (La. App. 1st Cir. 12/17/04), 897 So.2d 736, 744, writ denied, 2005-0150 (La. 4/29/05), 901 So.2d 1063, cert. denied, 546 U.S. 905, 126 S.Ct. 254, 163 L.Ed.2d 231 (2005) (a multiple offender proceeding is a status rather than a criminal proceeding; Apprendi did not provide a basis for the defendant's argument therein that the trial court's sentencing procedure deprived him of his right to trial by jury on facts essential to his sentence).