# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                    NO. 2020 KW 0884

VERSUS

JOSEPH FRANK BEDFORD                              **NOVEMBER 10, 2020**

---

In Re:    Joseph Frank Bedford, applying for supervisory writs, 21st Judicial District Court, Parish of Tangipahoa, Nos. 1702666 & 1901929.

---

**BEFORE:   GUIDRY, McCLENDON, AND LANIER, JJ.**

    **WRIT DENIED.** This Court is bound to apply the pronouncements of the Louisiana Supreme Court to challenges to the sex offender registration and notification requirements which are not intended to be punitive, but rather, they are remedial legislation intended to protect public safety. See **Smith v. State**, 2010-1140 (La. 1/24/12), 84 So.3d 487, 497-98; **State ex rel. Olivieri v. State**, 2000-0172 (La. 2/21/01), 779 So.2d 735, 749-50, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 and 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001). Furthermore, it is well-settled that the registration and notification law in effect at the time of either release or sentencing may apply to the convicted sex offender without violating the ex post facto clauses of the federal and state constitutions. See **State v. Patin**, 2002-1126 (La. 4/9/03), 842 So.2d 322, 325. However, in light of the intents-effects test pronounced by the United States Supreme Court in **Smith v. Doe**, 538 U.S. 84, 92, 123 S.Ct. 1140, 1146, 155 L.Ed.2d 164 (2003), we observe that the higher courts, upon a proper showing, may wish to consider revisiting the determination that the "effects" of sex offender registration and notification laws are not punitive. See **Doe v. Rausch**, 382 F.Supp.3d 783, 799-800 (E.D. Tenn. 2019).

                                                **JMG**
                                                **PMc**
                                                **WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
      FOR THE COURT